NEW SOUNDS, INC v CARR

Docket No. 47609. Submitted April 9, 1981, at Lansing.—Decided May 20, 1981.

New Sounds, Inc., brought an action against Robert Carr and the Bob Carr for Congress Committee for monies due pursuant to the provisions of a contract. Defendants demanded to depose plaintiff's officer, specifying Lansing, Michigan, as the place of taking the deposition. Plaintiff moved to disallow Lansing as the place of taking the deposition because plaintiff's officer was unable to travel due to a medical condition, which motion was denied, Ingham Circuit Court, Ray C. Hotchkiss, J. Plaintiff appeals by leave granted. *Held:*

The trial court abused its discretion in ordering the deposition to be taken in Lansing in light of the affidavits submitted in behalf of plaintiff. On remand, the trial court shall provide an alternate means of deposing plaintiff's officer so as not to cause injury to defendants.

Reversed and remanded.

1. TRIAL — DISCOVERY — DEPOSITIONS — COURT RULES.

A trial court, in its discretion, may provide a means for a defendant to obtain the deposition of a nonresident plaintiff other than by requiring the personal appearance of the plaintiff within the state upon motion by either party and for good cause shown or where justice so requires (GCR 1963, 305.2, 306.2).

2. EVIDENCE — WITNESSES — UNAVAILABLE DECLARANT — MENTAL ILLNESS — RULES OF EVIDENCE.

Former testimony of a declarant who is unavailable as a witness at a subsequent trial because of mental illness may be admitted into evidence (MRE 804[a][4], [b][1]).

*Glassen, Rhead, McLean & Campbell,* for plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery § 45.

[2] 29 Am Jur 2d, Evidence § 752.

*Miller, Canfield, Paddock & Stone* (by *John D. Pirich*), for defendant.

Before: CYNAR, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Plaintiff appeals by leave granted from an order entered in the Ingham County Circuit Court denying plaintiff's motion to disallow the taking of a deposition in Lansing, Michigan, of its officer, Tony Schwartz. Apparently, plaintiff, New Sounds, Inc., is wholly owned by Schwartz.

In May, 1976, plaintiff entered into an agreement with Robert Carr and the Bob Carr for Congress Committee to make campaign spot commercials for use in Carr's 1976 congressional election campaign.

In December, 1977, plaintiff filed suit against defendants in the District of Columbia, seeking amounts allegedly due on the contract for the campaign spots. The action was dismissed upon the ground of *forum non conveniens.* In June, 1978, plaintiff reinstituted the action in the Ingham County Circuit Court.

A pretrial conference was held on July 19, 1979, at which time defendants served plaintiff's counsel with a notice demanding Schwartz's deposition. The place for the taking of the deposition was specified as Lansing. On July 24, 1979, plaintiff filed a motion for a protective order, disallowing the taking of the deposition in Lansing for the reason that Schwartz was unable to travel due to his medical condition. On August 13, 1979, the trial court denied the motion. On August 15, 1979, plaintiff moved for a rehearing. The rehearing petition was accompanied by affidavits from Tony Schwartz and his psychiatrist, Manuel D. Zane. Dr. Zane's affidavit provided in relevant part:

"Tony Schwartz, the plaintiff in this action, is phobic. He has been my patient since March of 1957. I have treated him continuously for a period of more than twenty-two years.

"Mr. Schwartz suffers from a variety of phobias among which are agoraphobia and acrophobia. Agoraphobia is an all embracing term including the fear of public gatherings in open spaces such as the streets, theatres, restaurants, rail, air and bus terminal, etc. Acrophobia is a fear of heights. Both of these phobias are obsessively persistent in Mr. Schwartz and make it virtually impossible for him to travel more than a few miles from his home and place of business or to function in an alien or elevated environment.

"In my professional medical opinion Tony Schwartz is individually incapable of travelling beyond the Island of Manhattan. Further, if he were compelled to make such a trip the consequential disturbance could be so severe as to physically endanger his life."

Moreover, Mr. Schwartz's affidavit provided as is pertinent;

"9. Congressman Robert Carr and his former campaign manager, Bernard Schroeder, were both made aware of my inability to travel by me and by Mrs. Jeannette Prussak, the Corporate Secretary of New Sounds, Inc. Congressman Carr and Mr. Schroeder agreed to and did come to my New York City offices to make the commercials at issue in this action as well as those which were made in the Congressman's successful campaign two years previously."

During arguments on the motion, plaintiff's counsel indicated that the deposition could be taken in Schwartz's offices in New York City or that interrogatories could be used for discovery purposes and that Schwartz was not attempting to obstruct discovery. Nonetheless, on September 17, 1979, the trial court denied the motion for rehearing. Subsequently, delayed application for leave to

appeal an interlocutory order was granted by this Court on June 17, 1980.

GCR 1963, 305.2 provides in part:

"The court may, in an action pending in this state, order a nonresident plaintiff or an officer or managing agent thereof to appear at a designated place in this state or elsewhere for the purpose of having his deposition taken, upon any terms and conditions that may be just, including payment by defendant of the reasonable expenses of travel, meals, and lodging incurred by the deponent in so attending."

Further, GCR 1963, 306.2 states as is applicable:

"Upon motion seasonably made by either party or by the person to be examined and upon reasonable notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than that stated in the notice, or that it may be taken only on written interrogatories, * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, undue expense, embarrassment, or oppression."

The gist of plaintiff's argument is that under the circumstances' of this case the trial court abused its discretion in ordering Mr. Schwartz's deposition in Lansing. We find plaintiff's argument persuasive in light of the affidavits submitted by Schwartz and his psychiatrist. In combination, GCR 1963, 305.2 and 306.2 give the trial court broad powers to fashion a remedy which would be reasonable and just to all. The trial court should have used the powers conferred upon it to provide

for an alternative means of obtaining Mr. Schwartz's deposition.

Defendants assert that Mr. Schwartz should be compelled to have his deposition taken in Lansing because he would have to be a witness at trial as he negotiated the contract in issue. On the record at hand, we do not know to what extent Schwartz's testimony is needed. Defendants contend that Schwartz's testimony is imperative if plaintiff is to succeed. If this is true, then plaintiff will not prevail, and Mr. Schwartz's failure to appear will inure to defendants' benefit.[1]

Defendants also assert that since plaintiff chose the forum, it should not be allowed to thrust Schwartz's disability onto them. This argument is not persuasive for several reasons. First, given GCR 1963, 305.2 and 306.2 the court has very broad powers to create an alternative plan for discovery, as noted above. The trial court could easily have formulated a plan so that the disability was not "thrust" upon defendants. Second, at the hearings below there were statements made by the attorneys suggesting that the case was ultimately brought in Lansing as a convenience for defendants. Third, defendants' representatives were aware of Schwartz's condition prior to their decision to contract with New Sounds, Inc. As such, it might be more aptly stated that defendants are now trying to use Schwartz's disability to avoid litigating this matter. By choosing to contract with New Sounds, Inc., with full cognizance of Mr. Schwartz's psychiatric problems, defendants may be said to have assumed the risk of

---

[1] In fact, if, as defendants state, plaintiff cannot prevail without Schwartz's testimony, it would probably be a tactical error to take his deposition. MRE 804(a)(4) would make Schwartz an unavailable witness due to his mental illness. Consequently, his deposition would constitute former testimony which is not excluded by the hearsay rule. MRE 804(b)(1).

some minimal inconvenience should litigation ultimately arise out of the contract.

To insure that defendants will not be injured by our holding, however, we fashion the following remedy to dispose of this matter. The deposition will be held in Schwartz's New York office on condition that plaintiff agrees to reimburse defendants for round trip airfare between Lansing and New York City for one attorney, the cost of hotel accommodations, if any, and all incidental expenses, along with compensation at the actual hourly rate normally charged by that attorney for periods of travel. As defendants would have been liable for their attorney fees incurred during the deposition, even had Mr. Schwartz come to Lansing, no fees are awarded for the time actually spent by defendants' counsel during the interrogation of Schwartz. If plaintiff refuses to pay the expenses, then its action is dismissed. GCR 1963, 313.2(2)(c).

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff-appellant.